USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/24/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KELECHI GERALD NWOZUZU,                                       :
                                            Plaintiff,        :
                                                              :     14 Civ. 8589 (LGS)
                    -against-                                 :
                                                              :     OPINION & ORDER
UNITED STATES OF AMERICA,                                     :
                                            Defendant.        :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

On October 28, 2014, Plaintiff commenced this civil suit against Defendant United States of America (the "Government") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., alleging two counts of false imprisonment. On August 12, 2015, the Court issued an opinion and order granting the Government's motion to dismiss (the "August 12 Opinion") based on sovereign immunity. *Nwozuzu v. United States*, No. 14 Civ. 8589, 2015 WL 4865772 (S.D.N.Y. Aug. 12, 2015). Judgment was entered on August 14, 2015. On September 1, 2015, Plaintiff timely moved for reconsideration pursuant to Federal Rules of Civil Procedure 59(a)(2) and 60(b). For the following reasons, the motion is denied.

I.      LEGAL STANDARD

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir.

2013) (citation and internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys*, 684 F.3d at 52 (citation and internal quotation marks omitted).  New evidence may not be considered on a motion for reconsideration.  *See Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 25 (2d Cir. 2010) (summary opinion) (affirming the district court's denial of a motion for reconsideration "because [defendant] could have introduced this evidence in its initial motion but did not"); *Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) ("it is black letter law that a 'motion for reconsideration may not be used to advance new facts, issues, or arguments not previously presented to the Court . . . . '") (quoting *Davidson v. Scully*, 172 F.Supp.2d 458, 461 (S.D.N.Y. 2001)).  The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court."  *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

## II.  DISCUSSION

### A. The 2005 Detention

With regard to his claim based on the 2005 detention, Plaintiff argues that the August 12 Opinion overlooked a document that "indicates that Plaintiff was *not* taken into custody based on a misinterpretation of Section 321(a)(5) as alleged in the complaint and as decided by the court," but instead because of a mistake of fact that his mother was "alleged to have Naturalized" and therefore assumed not to be naturalized.  Plaintiff claims that the failure to investigate the mother's naturalization status was a failure to exercise due care, resulting in a waiver of sovereign immunity.

This argument is both improper and incorrect. It is improper because Plaintiff raised neither the argument nor the document in response to the motion to dismiss, and raises both for the first time now. The argument is also a wholesale revision of the theory of liability alleged in the operative complaint, which is based exclusively on the Government's misinterpretation of the former derivative citizenship statute.

Plaintiff's argument is also incorrect. The referenced document -- the Form I-213 appended to the Motion for Reconsideration -- shows that Plaintiff was determined to be an alien subject to detention because of a misinterpretation of former § 321(a) (repealed in 2000). Therefore the document is consistent with the August 12 Opinion. Specifically, the document says in substance that Plaintiff was not entitled to derivative citizenship because, in 1998 when he was "over the statutory age," he entered the United States as a class F11 Immigrant, i.e., not as a Lawful Permanent Resident. Therefore, even assuming that his mother was naturalized as alleged, Plaintiff was an alien under the misinterpretation of the law that was not corrected until the Second Circuit's decision in 2013. *See Nwozuzu v. Holder*, 726 F.3d 323 (2d Cir. 2013).

### B. The 2010 Detention

Plaintiff's second principal argument is that the August 12 Opinion did not take into account controlling Second Circuit precedent, specifically *Ashton v. Gonzales*, 431 F.3d 95 (2d Cir. 2005). Plaintiff argues that, in 2010, the Government failed to act with due care because it did not consider *Ashton,* and consequently incorrectly concluded that Plaintiff was an alien. Plaintiff's reliance on *Ashton* is misplaced because the Court there did not address the facts of Plaintiff's case. In *Ashton*, the Court held only that Ashton's bare subjective intent to remain in the United States was insufficient to satisfy the statutory requirement that he "begin to reside permanently in the United States" for purposes of § 321(a). *Id*. at 98. The Court left open the

3

question of whether lawful permanent residence status was necessary to secure citizenship under § 321(a). *Id*. at 99 ("a child who acquires lawful permanent residency would certainly satisfy § 321(a)'s requirements, and . . . some lesser official objective manifestation might also be sufficient."). The Court also declined to answer what other facts might satisfy the statutory requirement: "We believe that there must be some objective official manifestation of the child's permanent residence, but we express no view as to what would satisfy § 321(a)'s requirements other than that petitioner fails to meet that standard here." *Id* at 98.

In short, Plaintiff is mistaken that, based on *Ashton*, the Government in 2010 should have foreseen the Second Circuit's 2013 decision in Plaintiff's case and found Plaintiff to be a citizen. Plaintiff's remaining arguments are addressed implicitly above or in the August 12 Opinion and rejected.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket No. 40.

SO ORDERED.

Dated: September 24, 2015
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**